{¶ 117} Having joined my colleagues in their foray into the "nuisance jungle", I find myself having escaped to a different position. Because I find the nuisance to be of a continuing nature, I respectfully dissent from the majority opinion.
 {¶ 118} Because Republic's alleged tortuous act has not been fully accomplished, I find the nuisance is continuous. This is not a situation where the injury to Charton persists in the absence of further conduct by Republic. Rather, Republic's alleged tortuous act perpetually creates new violations. The fact the consequences of the alleged nuisance are constant, though in varying degrees, or recurring does not change the nature of the nuisance from continuing to permanent where the tortuous act giving rise to those consequences is ongoing.[2]
 {¶ 119} I also respectfully dissent from the majority's disposition of Charton's sixth assignment of error. As noted by the majority, the trial court amended the Settlement Agreement/Consent Judgment to specifically indicate the settlement was between only the signatories thereto; i.e., Republic and Pike Township. Charton's amended counterclaim and cross-claim for declaratory relief remained pending. Although inRepublic 2007 we affirmed the trial court's authority to approve the Settlement Agreement/Consent Judgment, I fail to see how such bars Charton's claim for declaratory relief based on res judicata or law of the case principles. As noted by the majority, in Republic 2007 we held the settlement only addressed and settled *Page 30 
matters between Republic and Pike Township, and Charton did not have power to prevent them from settling. To allow fewer than all parties with an interest in an action to settle and bind the non-participating party effectively bars that party from access to the court. *Page 31 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to Intervenor Defendant-Appellant.
[2] To that extent, my decision is not dependent on whether Charton's affidavit conflicts with his deposition testimony. *Page 1